UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHERIE REESE,

                 Plaintiff,

       v.

CAROLYN W. COLVIN, Commissioner of
Social Security,

               Defendant.

Case No. C13-977-JLR-BAT

**REPORT AND
RECOMMENDATION**

Cherie Reese appeals the denial of her benefits applications.  She contends the ALJ erred by improperly (1) discounting her credibility, and (2) rejecting the opinion of her treating physician that she is disabled.  Dkt. 11.  As discussed below, the ALJ properly discounted Ms. Reese's credibility but erred in rejecting the treating physician's opinion,  Accordingly, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Ms. Reese suffered a head injury on March 5, 2006, and filed benefits applications alleging disability as of that date.  The parties agree the ALJ's December 27, 2012 decision, which found Ms. Reese not disabled, is the Commissioner's final decision.  Utilizing the five-

step disability evaluation process, 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

> **Step one:**  Ms. Reese had not engaged in substantial gainful activity from March 5, 2006, through her date last insured of December 31, 2011.
>
> **Steps two and three:**  Somatoform disorder, migraine headaches controlled by medication, and asthma were severe impairments that did not meet or equal the requirements of a listed impairment.  *See* 20 C.F.R. Part 404, Subpart P. Appendix 1.
>
> **Residual Functional Capacity:**  Ms. Reese could perform a full range of work at all exertional levels but with the following nonexertional limitations:  she can stand and work for about 6 hours and sit for 6 hours in an 8 hour workday with normal breaks; she can perform work in an environment in which noise is no more than moderate, and in which there is no exposure to concentrated vibration (such as from heavy machinery) and no exposure to hazards such as unprotected heights and heavy machinery; she can perform work in which her pace can vary through an 8 hour shift, but not so much that she will fail to meet ordinary production or accomplishment expectations for that shift; she can perform work in which dusts, gases, fumes, odors, and poor ventilation are environmental factors that are shown in the Dictionary of Occupational Titles as not present; she can perform work that permits the use of eye glasses that are dark enough to filter some fluorescent lighting, but not so dark as to interfere with the ability to see well enough to perform indoor tasks.
>
> **Steps four and five:**  Ms. Reese could perform her past work, and even if she could not, there are other jobs in the national economy that she would be able to perform.

Tr. 11-21.

## DISCUSSION

### A.    *The ALJ did not err in finding Ms. Reese less than fully credible*

Ms. Reese challenges the ALJ's adverse credibility finding.  Where, as here, there is no evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ discounted Ms. Reese's credibility because her claim of disability was inconsistent with her conduct.  Tr. 17.  Among other things, the ALJ noted that she completed a real estate course, "believed that she was mentally competent enough to borrow money from her friends to successfully invest their money in real estate," and testified that "her investment plan

1    failed not because of her impairments, but because her friends are using their money to invest for

2    themselves." *Id.*; *see also* Tr. 37-38, 50, 52-53.

3            An ALJ may discount a claimant's credibility based on inconsistencies between the

4    claimant's testimony and conduct. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

5    This is what the ALJ did here.  Ms. Reese argues, however, that the ALJ's finding is not

6    supported by substantial evidence because the real estate course was not actually inconsistent

7    with her claimed limitations given that it "was essentially an infomercial course where she

8    listened to tapes," Dkt. 13 at 2, and she testified that she was attempting to find employment

9    where she could work at her own pace, Dkt. 11 at 6.  Ms. Reese may offer a reasonable

10   interpretation of the record, but the ALJ's interpretation was also reasonable.  Even considering

11   that the real estate course was not formal training to become licensed in real estate and that Ms.

12   Reese was attempting to work at her own pace, it was reasonable for the ALJ to look at the

13   record as a whole and find that her completion of the course, her plan to invest in real estate, and

14   her contact with wealthy friends to ask for investment money were inconsistent with her claim

15   that she was disabled.  Under these facts, the Court cannot say that the ALJ erred.  *See Morgan v.*

16   *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is

17   susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be

18   upheld.").

19           The ALJ provided other reasons to discount Ms. Reese's credibility, including that there

20   were additional inconsistencies in the record and that the medical evidence did not support the

21   alleged limitations.  Tr. 16-17.  Ms. Reese takes issue with both of these reasons.  *See* Dkt. 11 at

22   5-6.  The Court, however, need not determine whether the ALJ erred in these respects because

23   any error would not negate the validity of the overall credibility determination and thus would be

REPORT AND RECOMMENDATION - 3

1    harmless.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)

2    (including an erroneous reason among other reasons to discount a claimant's credibility is at

3    most harmless error if the other reasons are supported by substantial evidence and the erroneous

4    reason does not negate the validity of the overall credibility determination).

5         In sum, the Court recommends affirming the ALJ's credibility determination.

6    **B.    *The ALJ erred in assessing the treating doctor's opinion***

7         Ms. Reese asserts the ALJ erroneously assigned little weight to the opinion of her treating

8    doctor, Gary Stobbe, M.D., that she is disabled.  Where, as here, a treating physician's opinion is

9    contradicted by that of another doctor, it may not be rejected without "specific and legitimate

10   reasons supported by substantial evidence in the record for so doing."  *Lester v. Chater*, 81 F.3d

11   821, 830-31 (9th Cir. 1996) (quotation omitted).  The ALJ may reject physicians' opinions "by

12   setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating

13   [her] interpretation thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th

14   Cir. 1998).

15        The ALJ gave two reasons for rejecting Dr. Stobbe's opinion of disability.  Tr. 18.  First,

16   the ALJ noted that Dr. Stobbe based his opinion on a recommendation from Ginger Hurt, a

17   vocational counselor, which the ALJ found "problematic, because she is not an acceptable

18   medical source under 20 CFR 404.1513(a)."  *Id.*  The ALJ relied on a chart note from January

19   12, 2011, in which the doctor wrote:

20        I did have a meeting with Ginger Hurt, a vocational counselor on October 29,
          2010, and reviewed Ginger's recommendations based on her assessment.  It is her
21        recommendation that she does not believe she is employable in a nursing position
          and that also she is unable to be retrained due to ongoing limitations that were
22        outlined in her October 28 letter.  Based on this, I made a statement of total and
          permanent disability that was accident related dating back to March 5, 2006, and
23        was stable as of March 5, 2009.

REPORT AND RECOMMENDATION - 4

1   Tr. 624, 728.  The doctor's actual statement of total and permanent disability, however, was not

2   based on Ms. Hurt's recommendation; rather, it was based on her evaluation, which included a

3   number of objective tests, as well as Dr. Stobbe's assessment of Ms. Reese's progress:  "Based

4   on [Ms. Hurt's] evaluation and ongoing clinical progress, I believe [Ms. Reese] is totally and

5   permanently disabled due to accident-related injuries.  Date of disability was 3-5-06, and was

6   fixed and stable as of 3-5-09."  Tr. 626 (11/1/10 chart note related to 10/29/10 meeting with Ms.

7   Hurt).  Therefore, substantial evidence does not support the ALJ's first reason for rejecting Dr.

8   Stobbe's opinion.

9           The ALJ's second reason for rejecting both Dr. Stobbe's and Ms. Hurt's opinions was

10   that they "relied heavily on the claimant's subjective symptoms when considering the severity of

11   her impairments," which "erodes the weight to be accorded to both opinions, because as

12   discussed above, the claimant's allegations regarding subjective symptoms are not entirely

13   credible."  Tr. 18.  An ALJ may properly discount a physician's opinion that is based on a

14   claimant's subjective characterization of her symptoms when the ALJ determines that the

15   claimant's description of her limitations is not entirely credible.  *Bray v. Comm'r of Soc. Sec.*

16   *Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  An ALJ may not, however, reject "an examining

17   physician's opinion by questioning the credibility of the patient's complaints where the doctor

18   does not discredit those complaints and supports his ultimate opinion with his own

19   observations."  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

20           The Commissioner concedes that Dr. Stobbe did not specifically question Ms. Reese's

21   complaints, but she contends *Ryan* is inapplicable because Dr. Stobbe did not support his opinion

22   with observations or any other explanation.  Dkt. 12 at 8.  The Court disagrees.  Dr. Stobbe's

23   November 1, 2010 chart note indicates that he based his opinion on both Ms. Hurt's

REPORT AND RECOMMENDATION - 5

1    examination—which included a number of objective tests—and Ms. Reese's clinical progress

2    over the years.  A review of Dr. Stobbe's chart notes establishes that although he considered Ms.

3    Reese's subjective complaints, he also performed objective physical examinations, detailed his

4    own "impression" of her conditions, and reviewed Dr. Goldberg's two neuropsychological

5    examination reports, which included objective test results.  *See, e.g.*, Tr. 375, 555, 557, 598, 616,

6    723-24.  Based on this record, the ALJ's finding that Dr. Stobbe relied "heavily" on Ms. Reese's

7    discredited subjective complaints is not supported by substantial evidence.  *See Ryan*, 528 F.3d

8    at 1199-1200.

9           In sum, the ALJ failed to provide a specific and legitimate reason, supported by

10   substantial evidence, to reject Dr. Stobbe's opinion that Ms. Reese is disabled.  This error is

11   harmful because it affects the ALJ's determination of the RFC and therefore, at least potentially,

12   the ultimate disability determination.  Accordingly, the Court recommends the ALJ's decision be

13   reversed and the case be remanded so that Dr. Stobbe's opinion can be reassessed.

14                                     **CONCLUSION**

15          For the foregoing reasons, the Court recommends that the Commissioner's decision be

16   **REVERSED** and the case be **REMANDED** for further administrative proceedings pursuant to

17   sentence four.  On remand, the ALJ should reassess Dr. Stobbe's opinion of disability and, as

18   necessary, supplement the record, revise Ms. Reese's RFC, and proceed with steps four and five.

19   If appropriate, the ALJ may also reassess Ms. Reese's credibility.

20          A proposed order accompanies this Report and Recommendation.  Objections, if any, to

21   this Report and Recommendation must be filed and served no later than **December 26, 2013.**  If

22   no objections are filed, the matter will be ready for the Court's consideration on **December 27,**

23   **2013.**  If objections are filed, any response is due within 14 days after being served with the

REPORT AND RECOMMENDATION - 6

1    objections.  A party filing an objection must note the matter for the Court's consideration 14

2    days from the date the objection is filed and served.  Objections and responses shall not exceed

3    twelve pages.  The failure to timely object may affect the right to appeal.

4           DATED this 11th day of December, 2013.

5

6                                              _____

7                                              BRIAN A. TSUCHIDA
                                               United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 7